DON GEHRMANN, Coordinator, Division of Highway SafetyCoordination Office of the Governor
You ask several questions under the Implied Consent Law as revised by ch. 193, Laws of 1977. Each of your questions will be answered in turn:
 (1) "Section 343.305 (2)(am) states, `a law enforcement officer shall request any person who was the operator of a motor vehicle involved in an accident resulting in great bodily harm or death to any person to take a test as provided under par. (b) or (c) for the purpose specified in sub.(1).' In the case where an operator of a motor vehicle is involved in a crash where there is a fatality or a very serious injury and this operator is not given a citation for `operating while intoxicated' or any other traffic violation, would the law enforcement officer have to request that person to submit to a test? . . ."
The law enforcement officer could not, in the absence of a validly issued citation, request that an operator of a motor vehicle involved in a crash when there is a fatality or a very serious injury submit to a test. The statutory scheme under secs.343.305 (b) and (c), Stats., contemplates that a lawful arrest be made prior to a request for submission to a test.
 (2) ". . . If the law enforcement officer does request a test and the operator refuses, that operator would have no means of a refusal hearing if no citation had been issued, s. 343.305 (3)(b)4. If there is no means for a refusal hearing, are we denying that operator his or her due process of the law?" *Page 315 
Only an arrest triggers the revocation mechanism. Without an arrest, an individual's license cannot be revoked; thus, there is no due process problem. See secs. 343.305 (3)(b), (3)(b)4. and (8)(a) and (b). In short, revocation cannot occur without a hearing; a hearing cannot occur without a citation and a citation cannot occur without an arrest. An individual who has not been arrested cannot have his or her license revoked for failure to submit to a test and, therefore, has no need for a refusal hearing.
 (3) ". . . Section 343.305 (6)(b) states, `no person acting under par. (a) nor the employe of any such person, nor any hospital where blood is withdrawn may incur any civil or criminal liability for the act if requested by a law enforcement officer to perform it, except for civil liability for negligence in the performance of the act.' Since paragraph (6)(a) states, `blood may be withdrawn from the person arrested for the purpose of determining the presence or quantity of alcohol or controlled substance in the blood. . .', would a physician, registered nurse, medical technologist, physician's assistant or person acting under the direction of a physician not be covered under this liability if asked by a law enforcement officer to draw blood under s. 343.305 (2)(am) if no arrest had been made?"
Since an arrest must be made before a law enforcement officer can request that an individual submit to a test, a physician, registered nurse, medical technologist, physician's assistant or person acting under the direction of a physician need not worry about liability incurred for drawing blood in the absence of an arrest. In short, the statutory requirements preclude such a situation from arising.
BCL:AOH:WHW